IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ODINAKA JOHN EKEOCHA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:23-CV-02808-K-BT |
| | § | |
| U.S. DEPARTMENT OF STATE, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Odinaka John Ekeocha brings this civil action to compel Defendants the United States Department of State and the United States Department of Homeland Security to process his immigrant visa application. Defendants contend—among other things—that Plaintiff brought his suit in the wrong venue and they move to dismiss under Federal Rule of Civil Procedure 12(b)(3), or, in the alternative, to transfer the case to the United States District Court for the District of Columbia. Mot. (ECF No. 15). As explained below, Plaintiff has failed to establish that venue is proper in the Northern District of Texas. Therefore, the District Judge should GRANT Defendants' motion and DISMISS Plaintiff's case without prejudice.

**Background**

Plaintiff is a citizen and resident of Nigeria. Am. Compl. 2 (ECF No. 13); *see also* Resp. 1, 34 (ECF No. 18). In November 2018, Plaintiff invested $500,000 with

1

Civitas Capital Group in Dallas, Texas, through the EB-5 Immigrant Investor program.[1] Am. Compl. 2, 3. The next month, Plaintiff filed a Form I-526 (Immigrant Petition by Alien Entrepreneur) with U.S. Citizenship and Immigration Services (USCIS). *Id.* USCIS approved Plaintiff's petition in June 2022 and forwarded the petition to the State Department's National Visa Center. *Id.* Since then, Plaintiff has been waiting for an interview date at the United States Embassy in Nigeria. *Id.* 4.

On December 20, 2023, Plaintiff brought this action against Defendants alleging that their failure to process his application and issue an immigrant visa violates the Administrative Procedure Act (APA) and his due process rights. *Id.* In response to Plaintiff's amended complaint—which is the live pleading—Defendants filed a motion to dismiss Plaintiff's lawsuit for improper venue or, in the alternative, to transfer the case to the District of Columbia. Defendants also request that the Court dismiss this case for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Defendants' motion is fully-briefed and ripe for adjudication.

---

[1] The EB-5 program permits immigrant investors to become lawful permanent residents if they invest money in United States businesses to create or preserve full-time jobs for U.S. workers. *See* 8 U.S.C. § 1153(b)(5); *see also* https://www.uscis.gov/working-in-the-united-states/permanent-workers/eb-5-immigrant-investor-program.

## Preliminary Considerations

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (citations omitted). Generally, when a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is filed in conjunction with other Rule 12 motions, "the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* But a court's dismissal of a case for improper venue is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in another court. Thus, while "jurisdictional questions ordinarily must precede merits determinations in dispositional order . . . a federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584-85 (1999); *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 100-01 n.3 (1998)); *see also Sangha v. Navig8 ShipMgmt. Priv. Ltd.*, 882 F.3d 96, 100 (5th Cir. 2018) ("Although district courts generally determine their own subject-matter jurisdiction before proceeding to a determination on the merits, such a strict sequencing of consideration is not required before a court orders dismissal on non-merits grounds." (citation omitted)).

Dismissal of a case for improper venue is not a determination on the merits; it does not prevent a plaintiff from pursuing a claim in another venue. And because the venue analysis is straightforward here, the Court pretermits consideration of Defendants' 12(b)(1) arguments. *See JTH Tax, LLC v. Cortorreal,* 2023 WL 4673278, at *1 (N.D. Tex. July 20, 2023) (Pittman, J). (noting that "where a case is filed in the wrong forum, courts are authorized to take 'the less burdensome course' and transfer the case, rather than address subject-matter jurisdiction."); *see also Suter v. United States*, 2020 WL 874812, at *1 (N.D. Tex. Jan. 28, 2020) (Rutherford, J.), *adopted by* 2020 WL 870225 (N.D. Tex. Feb. 21, 2020) (Boyle, J.) (addressing venue motion without reaching jurisdictional arguments).

## Legal Standards

Federal Rule of Civil Procedure 12(b)(3) provides that a party may move to dismiss a case for improper venue. Fed. R. Civ. P. 12(b)(3). The Fifth Circuit has not ruled on which party bears the burden on a Rule 12(b)(3) motion, but "most district courts within this circuit have imposed the burden of proving that venue is proper on the plaintiff once a defendant has objected to the plaintiff's chosen forum." *Galderma Labs., L.P. v. Teva Pharm. USA, Inc.*, 290 F. Supp. 3d 599, 605 (N.D. Tex. 2017) (citing cases); *see also Floyd v. Kelly Servs., Inc.*, 2019 WL 4452309, at *1 (N.D. Tex. Aug. 30, 2019), *adopted by* 2019 WL 4447538 (N.D. Tex. Sept. 16, 2019).

When deciding a Rule 12(b)(3) motion, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff.

4

*Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (per curiam) (citations omitted). The court may consider evidence in the record beyond the facts alleged in the complaint and its proper attachments. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (citations and internal quotation marks omitted) ("[T]he court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts"). "Absent an evidentiary hearing on a Rule 12(b)(3) motion, affidavits and other evidence submitted by the non-moving party are viewed in the light most favorable to that party." *Mem'l Hermann Health Sys. v. Blue Cross Blue Shield of Tex.*, 2017 WL 5593523, at *4 (S.D. Tex. Nov. 17, 2017) (citing *Ambraco*, 570 F.3d at 238).

If venue is improper, then the case must be dismissed or transferred under 28 U.S.C. § 1406(a). *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 56 (2013). A district court has broad discretion in determining whether to dismiss or transfer a case under § 1406(a). *McClintock v. Sch. Bd. E. Feliciana Par.*, 299 F. App'x 363, 366 (5th Cir. 2008).

## Analysis

In view of the relevant standards, the Court should grant Defendants' Rule 12(b)(3) motion to dismiss.

A. <u>Plaintiff has failed to establish that venue is proper in this District.</u>

The District Judge should find that venue in the Northern District of Texas is improper. Title 28 U.S.C. § 1391 provides that a civil action against an agency of the United States may be brought in a judicial district where:

> (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1).

Plaintiff does not allege that any party resides in the Northern District of Texas. Rather, he contends venue is proper here under § 1391(e)(1)(B) because "a substantial part of the events giving rise to the claim occurred in Dallas." Resp. 13. Specifically, Plaintiff alleges that he invested in an EB-5 program marketed by Civitas Capital Group—a Texas corporation headquartered in Dallas. Am. Comp. 2, 3. However, the gravamen of his complaint is Defendants' alleged delay in processing his immigrant visa application. Plaintiff's complaint does not assert any claims related to his investment. Furthermore, "venue does not lie in this district merely because the business enterprises supporting Plaintiff's visa petition are tied to this district." *Kantharia v. USCIS*, 672 F. Supp. 3d 1030, 1033 (C.D. Cal. 2023) (explaining "[t]he operative facts pertinent to Plaintiff's claims are those surrounding the adjudication of [his] Form I-526 petition[]—not the investments themselves"); *see also Vigg v. Jaddou*, 2022 WL 3581930 at *3 (N.D. Cal. Aug. 10, 2022) ("[T]he location of these investments are not events giving rise to the claims

6

in this litigation. Plaintiffs do not raise claims arising out of these investments, nor do they involve any activity by Defendants. Rather, the main event giving rise to Plaintiffs' claim is Defendants' alleged delay in adjudicating their Form I-526s.")

In his Response, Plaintiff argues for the first time that venue is proper in the Northern District of Texas because the jobs purportedly created as a result of Plaintiff's investments are carried out by Civitas Capital Group in Dallas or because his green card will "probably come from the Texas Service Center," but Plaintiff failed to allege any facts to support these arguments in his amended complaint, and the Court does not consider new facts asserted in the response. *Powell v. Dallas Morning News LP*, 610 F. Supp. 2d 569, 582 (N.D. Tex. 2009) ("The Court does not condone Plaintiffs' 'moving target' approach to the Complaint in which it includes new facts and allegations in a response to a motion to dismiss.").

In sum, Plaintiff has failed to establish that venue is proper in the Northern District of Texas.

B. <u>Neither party has shown that it would be in the interest of justice to transfer the case to any other judicial district.</u>

"Where venue is improper, the district court should generally dismiss the case. But the court retains discretion to transfer it to a proper venue if such a transfer would serve 'the interest of justice.'" *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 894 (5th Cir. 2022) (quoting 28 U.S.C. § 1406(a)). In determining whether a transfer would serve the interest of justice, courts consider "the plaintiff's reasons for filing suit in the improper district in the first place and ask whether the

7

'plaintiff's belief that venue was proper was in good faith and reasonable.'" *Id.* (quoting 14D C. Wright, A. Miller & E. Cooper, Fed. Prac. & Proc. § 3827 (4th ed. 2021)).

Defendants ask the Court to dismiss the case—or, in the alternative to transfer it to the United States District Court for the District of Columbia. But other than reciting that "the case could have been brought originally" in the District of Columbia and that venue "appears to be proper" there, Defendants do not explain why a transfer would be in the interest of justice. Plaintiff does not propose an alternative venue and wholly fails to address whether a transfer would be in the interest of justice. This case is also in its nascent stages, and it does not appear that either party would be prejudiced if Plaintiff had to refile this case in a proper venue.

Based on the pleadings and the facts, the Court finds that a transfer would not aid in the interest of justice.

## Recommendation

The District Judge should GRANT Defendants' motion to dismiss (ECF No. 15) under Rule 12(b)(3) and DISMISS Plaintiff's case without prejudice to refiling in a district where venue is proper.

**SO RECOMMENDED**.

October 25, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).